Paul LEWIS, Plaintiff–Appellant,

v.

**UNITED PARCEL SERVICE, INC., an Ohio corporation, Defendant–Appellee.**

**No. 05–17172.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2007.*

Filed Oct. 29, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.  R.App. P. 34(a)(2).

Stephine M. Wells, Esq., Wells and Hopkins, William R. Hopkins, Wells & Hopkins Attorneys at Law, Tiburon, CA, for Plaintiff–Appellant.

Paul Hastings Janofsky & Walker, LLP, San Francisco, CA, for Defendant–Appellee.

Before: KLEINFELD and RAWLINSON, Circuit Judges, and RESTANI **, Judge.

### MEMORANDUM ***

Paul Lewis, an employee of UPS, appeals the district court's grant of summary judgment in favor of UPS on Lewis' state-law claims for religious and disability discrimination, harassment, and retaliation, as well as intentional infliction of emotional distress. A district court's grant of summary judgment is reviewed *de novo*, viewing the evidence in the light most favorable to the nonmoving party. *E.g., Scribner v. Worldcom, Inc.,* 249 F.3d 902, 907 (9th Cir.2001). In this case, the district court properly applied the substantive law and correctly determined that there were no genuine issues of material fact. *See id.* Accordingly, we affirm.

In order to establish a *prima facie* case for religious discrimination under the Fair Employment and Housing Act, a plaintiff must show that he suffered an adverse employment action. *E.g., Flait v. North Am. Watch Corp.,* 3 Cal.App.4th 467, 476, 4 Cal.Rptr.2d 522 (1992). Lewis bases his claim on the fact that his superi-

** The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

or threatened to fire him if he did not comply with the UPS grooming policy within one week. The threat was never carried out, and Lewis has not been demoted, fired, or otherwise disciplined. In short, Lewis did not suffer an adverse employment action. *See Pinero v. Specialty Restaurants Corp.*, 130 Cal.App.4th 635, 30 Cal.Rptr.3d 348, 357 (2005); *see also Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir.1998) (explaining that "[m]ere threats and harsh words are insufficient" to establish an adverse employment action). Even if the threat could be considered an adverse employment action, Lewis could not prove that it was religiously motivated because he did not inform UPS of his religious reasons for refusing to cut his hair until after the threat was made. *See Friedman v. So. Cal. Permanente Med. Group*, 102 Cal. App.4th 39, 125 Cal.Rptr.2d 663, 666 (2002) (employer must have been aware of employee's religious beliefs in order to discriminate on the basis of them).

Lewis also argues that UPS discriminated against him by failing to make reasonable accommodations for his religious beliefs. Lewis requested an accommodation for the first time as he was leaving to go out on worker's compensation. He is still out on worker's compensation. UPS has made no decision on the request and has stated that it is willing to engage in an interactive process to resolve the issue upon Lewis' return. Lewis' religious accommodation claim is thus unripe for adjudication because the "existence of the dispute itself hangs on future contingencies that may or may not occur." *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996). Summary judgment on Lewis' religious discrimination claims was appropriate.

■ Summary judgment was also appropriate as to Lewis' disability discrimination claim because he did not suffer an adverse employment action. *See Deschene v. Pinole Point Steel Co.*, 76 Cal.App.4th 33, 44, 90 Cal.Rptr.2d 15 (1999). Several co-workers made derogatory comments to Lewis regarding his ability to do his job. Such comments alone are not an adverse employment action. Further, they cannot be considered collectively with the threat of termination, *see Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 32 Cal.Rptr.3d 436, 116 P.3d 1123, 1142–43 (Cal.2005), because the threat was unrelated to Lewis' injury. Nor are the comments sufficient to demonstrate pretext, as they were made by different people, *see Slatkin v. Univ. of Redlands*, 88 Cal.App.4th 1147, 1160, 106 Cal.Rptr.2d 480 (2001), and at different times, *see Trop v. Sony Pictures Entertainment, Inc.*, 129 Cal.App.4th 1133, 1147, 29 Cal.Rptr.3d 144 (2005), from the threat. Finally, Lewis' cumulative evidence is unpersuasive, as it appears to show that Lewis was treated similarly to similarly-situated employees.

■ In order to succeed on his harassment claim, Lewis would have to show that he was subjected to conduct that was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Lyle v. Warner Bros. Television Prods.*, 38 Cal.4th 264, 42 Cal.Rptr.3d 2, 132 P.3d 211, 223 (Cal.2006). The California courts have made clear that "personnel management actions," which include those "actions of a type necessary to carry out the duties of business and personnel management," fall outside the meaning of "harassment." *Janken v. GM Hughes Elecs.*, 46 Cal. App.4th 55, 53 Cal.Rptr.2d 741, 746 (1996). The few derogatory comments made to Lewis regarding his injury were neither severe nor pervasive, and the threat of termination was a personnel management action that cannot be considered "harass-

ment." Summary judgment on Lewis' harassment claim was appropriate.

Intentional infliction of emotional distress is established where the plaintiff complains of conduct "exceeding all bounds of decency usually tolerated by society, of a nature which is especially calculated to cause, and does cause, mental distress." *Cole v. Fair Oaks Fire Prot. Dist.,* 43 Cal.3d 148, 233 Cal.Rptr. 308, 312 n. 7, 729 P.2d 743 (1987) (quoting Prosser, Law of Torts (4th ed.1971)). Lewis was not subjected to sufficiently outrageous conduct and he does not allege that he suffered mental distress. The district court properly granted summary judgment on this claim to UPS.

AFFIRMED.

RAWLINSON, Circuit Judge, concurring:

I concur in the result.